648 P.2d 820

Juanita VAUGHN, et al.,
Plaintiff-Appellees,

v.

STATE of New Mexico TAXATION AND REVENUE DEPARTMENT and Arthur B. Snead, Director of the Revenue Division of the State of New Mexico Taxation and Revenue Department, Defendants-Appellants.

No. 5450.

Court of Appeals of New Mexico.

July 13, 1982.

Jeff Bingaman, Atty. Gen., Bridget Jacober, Taxation & Revenue Dept., Santa Fe, for defendants-appellants.

Steven L. Tucker, Francis J. Mathew, Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, for plaintiffs-appellees.

## OPINION

NEAL, Judge.

This appeal concerns the construction of § 22–11–42, N.M.S.A.1978.

Plaintiffs are, or have been, members of the Educational Retirement Fund (ERF). They are required to contribute 5½% of their annual salary to the ERF. Section 22–11–16, N.M.S.A.1978, § 22–11–21, N.M. S.A.1978. The Department of Taxation (Department) imposes income tax on the total amount of the members' salaries, including the portion withheld for the ERF (5½% of the total salary). The plaintiffs, contending that their contributions to the ERF should not be included in their taxable base, filed suit asking for a refund. Both the plaintiffs and defendant Department moved for summary judgment in February, 1981. Plaintiffs' motion was granted. Section 22–11–21, as later amended [§ 22–11–21, N.M.S.A.1978 (1981 Cum.Supp.)] does not affect this action. The trial judge, Lor-

enzo Garcia, wrote a Memorandum Opinion in support of his ruling. Department appeals.

We affirm Judge Garcia's ruling and in doing so we adopt the following portion of his opinion as our opinion.

The parties have entered into a stipulation setting forth the factual predicate for the present controversy. The facts are not in dispute. The parties, however, have differing and conflicting views on the meaning and application of a select provision of the Educational Retirement Act, § 22–11–1 et seq., N.M.S.A.1978.

Summary judgment is proper when the pleadings and the evidence in form of depositions, answers to interrogatories, admissions, affidavits, and stipulations, if any, show that there is no genuine issue of material fact, and that the moving party is entitled to summary judgment as a matter of law. N.M.R.Civ.P. 56(c), N.M.S.A.1978; *Spears v. Canon de Carnue Land Grant*, 80 N.M. 766, 461 P.2d 415 (1969).

The plaintiffs are, or have been, educators and are all members of the Educational Retirement Fund. They have filed suit against the State of New Mexico Taxation and Revenue Department and Arthur B. Snead, its director, alleging that the Department has unlawfully levied and collected state income tax on their contributions to the Educational Retirement Fund. The Plaintiffs contend that the imposition of tax upon the portion of their salaries contributed to the fund violates § 22–11–42, *supra*.

Every teacher in the state, as a condition of employment, is required to be a member of the Educational Retirement Fund, unless specifically exempted by law. Section 22–11–16, *supra*. Each member is required to make contributions to the fund in the amount of five and one-half percent (5½%) of his annual salary. Section 22–11–21, *supra*. The administrative unit for which the teacher is employed also makes a contribution. Section 22–11–21, *supra*. Upon attainment of sufficient years in service and the requisite age or disability, the fund pays retirement benefits to its members.

It is undisputed that the Department imposes and collects state income tax on the teachers' entire salary, including the portion of the salaries that are deducted pursuant to law. The statutory section in controversy is § 22–11–42, *supra*, which provides:

Except as specifically provided in the Education Retirement Act [22–11–1 to 22–11–45, NMSA 1978], contributions or benefits mentioned in the Educational Retirement Act shall not be assignable either in law or in equity, or be subject to execution, levy, attachment, garnishment or any other legal process, and shall also be exempt from any state income tax.

The plaintiffs urge that the aforementioned statute establishes a complete bar to the Department's practice. The Department, on the other hand, argues that the plaintiffs have misconstrued the meaning and intent of this statute. Specifically, the Department claims that the legislature sought to exempt from taxation, garnishment, levy, etc., only those funds that are paid out of the fund. The legislature, Department argues, never sought to grant two exemptions, that is, exempting from tax the contributions paid into the fund as well as the benefits paid out of the fund.

■ There is a threshold issue before the Court. The Court must determine if there is ambiguity on the face of the statute. If there is no ambiguity, the Court is prohibited from construing the legislative intent. *Southern Union Gas Co. v. New Mexico Pub. Serv. Com'n.*, 82 N.M. 405, 482 P.2d 913 (1971). The legislative intent is to be determined by the language of the act. *Till v. Jones*, 83 N.M. 743, 497 P.2d 745, (Ct.App.1972), *cert. denied*, 83 N.M. 740, 497 P.2d 742 (1972). The Court must give effect to the language of the statute as it is written. *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977). If there is no ambiguity, the Court may not assume a desired legislative intent regardless of the soundness of such a construction.

A statute must be read and given effect as it is written by the Legislature, not as the court may think it should be or

would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. . . . Courts must take the act as they find it and construe it according to the plain meaning of the language employed. *Perea v. Baca*, 94 N.M. 624, 614 P.2d 541 (1980).

■ The Department's arguments are not convincing. The words of the statute are clear and not subject to various meanings unless resort is had to strained interpretations. The Court may not second guess the wisdom of the State's lawmakers.

Even if the Court would have concluded that the statute contained ambiguity, the result would have been the same.

■ The Department argues that there is indeed ambiguity in the statute and that the Court must consider the legislature's intentions at the time the statute was enacted. In support of the Department's argument of ambiguity, it raises several separate issues. Initially, it asserts that the "contributions" that are exempted from tax in the statute are not the "contributions" deducted from plaintiffs' salaries. Rather, the Department argues that all the monies that are in the fund are "contributions" in that they come from deductions from the employees' salaries as well as contributions from the administrative unit. Further, the Department argues that consistent with the legislative intent to protect the fund, the legislature granted specific protection to the fund to insure that it would not be subjected to garnishment, levy, execution or tax. Once the money is in the fund it is a "contribution" that is exempt by law. This argument might be convincing if the fund was comprised solely of contributions from the teachers and from the local administrative units. However, the fund is also comprised of membership fees (§ 22–11–20, N.M.S.A.1978), interest on investments and reinvestments (§ 22–11–15, N.M.S.A.1978), gifts, bequests and grants. (§ 22–11–11, N.M.S.A.1978). It would be illogical for the legislature to protect only that portion of the fund represented by employee deductions and administrative unit contributions rather than the entire fund. Under such a theory, a portion of the fund could be subjected to execution, levy and garnishment while a second portion of the fund would not. Department's arguments fail.

■ The Department also argues that the portions of the plaintiffs' salaries that are deducted do not constitute contributions because the definition of a contribution calls for a voluntary giving of something that is owned. It raises two attacks: first, that the plaintiffs do not own the contributions in that the taxable event occurs at the instant salaries are realized rather than at the time the physical deduction is made. This argument is strained. It is inconceivable that the plaintiffs do not own their salary. Upon their performance of work pursuant to their contract the plaintiffs have a vested right to be paid. It is a property right that cannot be taken without due process. Further, if the plaintiffs did not own their contributions they would be unable to withdraw those contributions as authorized by law. Section 22–11–15, *supra*. Thus, this portion of the argument fails. The Department's second point of attack concerns whether the payment is voluntary. It argues that Websters Dictionary defines contribution as a voluntary giving. The Department further argues that the plaintiffs are not voluntarily deducting these sums, but rather, the deduction is mandated by law. The Department does not cite legal authority in support of its proposition that those deductions are not contributions. While it is undisputed that the contributions are a condition of employment, the employment itself is not mandated. The plaintiffs voluntarily decide whether they will or will not engage in their chosen profession subject to the prevailing terms and conditions. Again, Department's argument fails.

■ The Department further urges ambiguity in the statute by stating that the term "contributions" is used interchangeably with "benefits" and therefore, there is ambiguity in the statute. It is a well-recognized principle of statutory construction

that the legislature is presumed to have used no surplus words, and that a statute must be construed so that no word and no part of the statute is rendered surplusage or superfluous. *Weiland v. Vigil*, 90 N.M. 148, 560 P.2d 939 (Ct.App.1977), *cert. denied*, 90 N.M. 255, 561 P.2d 1348 (1977). Both parties agree that "benefits" refers to monthly annuities an employee receives upon retirement or disability. The Department however, states that unless the legislature included the protection for contributions as well as benefits, the portion of salary that an employee contributed to the fund would be subject to income tax at the time it was paid out as retirement benefits as well as at the time the employee contributed it. Such a construction is not necessary. The legislature, by protecting benefits, has indeed protected the monies paid to a retiring member.

█ The Department also urges the Court to consider other statutes *in pari materia*. It is a standard rule of statutory construction that all provisions of the statute together with other statutes *in pari materia* must be construed together to ascertain the legislative intent. The Department attempts to analogize the Public Employees' Retirement Act (PERA) [§ 10–11–1 to 10–11–38, NMSA 1978 (1980 Repl. Pamp.)], with the Educational Retirement Act. The argument utilized is that the State does not exempt that portion of a PERA member's salary contributed into the fund from the state income tax and therefore, the State ought not exempt that portion of the plaintiffs' salary contributions. There are several difficulties with the argument. Initially, the Department equates "moneys, annuities or other benefits" of the PERA statute [§ 10–11–36, NMSA 1978 (1980 Repl.Pamp.)] with "contributions and benefits" of the Educational Retirement Act, when no equation exists. There is nothing in the definition of terms in the statute that indicates "moneys" refers to "contributions". Furthermore, as plaintiffs' responsive memorandum indicates, had the legislature intended that moneys be equated with contributions, the legislature would not have used two different words.

Additionally, the fact that the state taxes PERA employees does not make the taxation of the plaintiffs lawful. The Department argues that to construe § 22–11–42, *supra*, differently would lead to an unfair result. It states that "it would be unreasonable to assume that the legislature intended to grant a special income tax exemption to one kind of public employee, teachers, yet deny the same exemption to other public employees." The Court disagrees. There are numerous instances that can be discussed wherein the legislature has granted special protections to one group of class or individuals or employees. Each retirement plan authorized by law differs. Some provide greater benefits, some lesser benefits. Some require more years of service, others less years of service. Some plans provide for special protection for employees in high risk situations. Some retirement plans provide liberal spousal benefits, others do not. The list is endless. The legislature is presumed not to have engaged in useless activities. A test is not what the Court feels is appropriate under the circumstances, but rather, what the legislature has decreed.

The Court determines that the statute is clear and unambiguous on its face. Resort will not be made to the legislative intent. Rather, the Court determines that the legislature knew and understood the terms which it chose to use in the enactment of § 22–11–42, *supra*. The plaintiffs' contributions are exempt from state income tax. The plaintiffs are entitled to recover those taxes paid as a result of the Department's improper assessment and collection of state income taxes on the employees contributions which are exempted from taxation.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.