738 P.2d 121
**Stephen HIATT, d/b/a Hiatt Construction Co., Plaintiffs-Appellees,**

v.

**Siegfried KEIL, et al., Defendants-Appellants.**

No. 16862.

Supreme Court of New Mexico.

June 8, 1987.

Paul D. Gerber, Carla Skeen, Gerber, Gramer & Ahern, Santa Fe, for plaintiffs-appellees.

Jere C. Corlett, Santa Fe, for defendants-appellants.

## ON MOTION FOR REHEARING

Plaintiff's motion for rehearing is granted. The Decision filed May 8, 1987, is *withdrawn* and the following Opinion is substituted therefor:

## OPINION

WALTERS, Justice.

Hiatt sued Keil for foreclosure of a materialman's lien; Keil counterclaimed for breach of contract. On the morning of trial, Hiatt moved for a directed verdict on the pleadings, arguing an open account pursuant to NMSA 1978, Section 38-7-1, and citing Keil's failure to deny under oath the amount due. The trial court concluded there was an open account and granted Hiatt's motion before proceeding to a jury trial on Keil's counterclaim. The jury found in favor of Hiatt, and the court entered judgment for the claimed sum of $3,693.13, plus interest and attorney's fees in an amount to be determined at a subsequent hearing.

Instead of a hearing and without objection by either party, the court established a procedure for the award of attorney's fees, instructing Hiatt to submit an affidavit setting forth his fees. Keil was then to be given an opportunity to file written objections to the affidavit, and Hiatt would be

**4**

entitled to reply to any objections. Hiatt submitted the requisite affidavits, and Keil filed no written objections. The trial court allowed attorney fees in favor of Hiatt in the sum of $11,518.29. Keil appeals from both awards, and we reverse.

## I.

Keil's first point is that the trial court erred in directing a verdict for Hiatt on the open account under NMSA 1978, Section 38-7-1. We agree. In *Gentry v. Gentry,* 59 N.M. 395, 285 P.2d 503 (1955), this Court defined "open account" as an account concerning a connected series of debit and credit entries of reciprocal charges and allowances. *See also, Wolf and Klar Cos. v. Garner,* 101 N.M. 116, 679 P.2d 258 (1984); *Keeth Gas Co., Inc. v. Jackson Creek Cattle Co.,* 91 N.M. 87, 570 P.2d 918 (1977); *Heron v. Gaylor,* 46 N.M. 230, 126 P.2d 295 (1942); *Southern Union Exploration Co. v. Wynn Exploration Co., Inc.,* 95 N.M. 594, 624 P.2d 536 (Ct.App.), *cert. denied,* 95 N.M. 593, 624 P.2d 535 (1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 461 (1982); *Tabet Lumber Co., Inc. v. Chalamidas,* 83 N.M. 172, 489 P.2d 885 (Ct.App.1971).

In *Tabet,* the court of appeals reversed the trial court's finding of an open account under facts similar to those presented here, where the plaintiff sued for the balance due for repairs to the roof of defendant's building. The appellate court held there was no evidence showing a "connected series of debit and credit entries" or a "continuation of a related series," necessary to support a finding on an open account. *Id.* at 173, 489 P.2d at 886 (quoting *Heron v. Gaylor,* 46 N.M. at 232, 126 P.2d at 297). Instead, the evidence showed "a single independent transaction." *Id.* 83 N.M. at 174, 489 P.2d at 887; *see also Lujan v. Merhege,* 86 N.M. 26, 519 P.2d 122 (1974). Here, the parties admit the making of a contract for a mansard-type roof and the enclosure of a storage shed. And, although the parties may have expanded the scope of their initial agreement to include other improvements, such modification is insufficient to transform the transaction into one for open account. *Cf. Lujan v. Merhege; Gentry v. Gentry;* and *Tabet Lumber Co. v. Chalamidas.* It remained a contract for a fixed price, even though modified to some extent by the agreement of the parties during the performance of the contract, and the trial court erred in directing a verdict for Hiatt on his complaint as if on open account.

## II.

Keil also challenges the lower court's award of attorney fees. Absent statutory authority or rule of court, attorney fees are not recoverable as an item of damages. *Riggs v. Gardikas,* 78 N.M. 5, 427 P.2d 890 (1967). The authority relied on by Hiatt for the award is NMSA 1978, Section 36-2-29 (Repl.Pamp.1984). That section pertains to allowance of attorney fees, as costs, in actions to recover on open account. Since there was no open account in this case, Section 36-2-29 is inapplicable.

There is a provision in NMSA 1978, Section 48-2-14, permitting an award of attorney fees in the court's discretion, but the statute provides that the fee must be reasonable. A fee in excess of 300% more than the judgment awarded is patently unreasonable. *See Woodson v. Phillips Petroleum Co.,* 102 N.M. 333, 338, 695 P.2d 483, 488 (1985) (range of 6% to 21% of award as attorney fee is reasonable in workmen's compensation cases). The question of reasonableness is especially pertinent under the circumstances of this case, since only the counterclaim was tried by the jury, and we have intimated that a claim for attorney fees in defense of a counterclaim is, at the least, to be closely scrutinized. *See State Sav. and Loan Ass'n v. Rendon,* 103 N.M. 698, 702, 712 P.2d 1360, 1364 (1986), wherein we inferentially approved the view expressed in *Utah Farm Prod. Credit Ass'n v. Cox,* 627 P.2d 62 (Utah 1981). In that case, the court specifically held that a party is entitled "only to those fees resulting from its principal cause of action for which there is a contractual (or statutory) obligation for attorney's fees." 627 P.2d at 66. Although we do not adopt a rigid rule that attorney

fees may never be awarded for defending a counterclaim, we do caution that it should be the exception and not the rule to do so.

This cause is reversed and remanded for a trial by jury on plaintiff's complaint, and for reconsideration of the amount of any attorney fees to be allowed.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and RANSOM, J., concur.