816 P.2d 473

**CITY OF FARMINGTON,**
**Plaintiff–Appellant,**

v.

**L.R. FOY CONSTRUCTION**
**COMPANY, Defendant,**

and

**Continental Insurance Company,**
**Defendant–Appellee.**

**No. 18914.**

Supreme Court of New Mexico.

July 22, 1991.

**406**

Wheatley & Ranquist, Charles F. Wheatley, Jr., Harold A. Ranquist, J. Craig Smith, Salt Lake City, Utah, Tansey, Rosebrough, Gerding & Strother, P.C., Michael T. O'Loughlin, Farmington, for plaintiff-appellant.

Farlow, Simone, Roberts & Weiss, P.A., Norman F. Weiss, Albuquerque, for defendant-appellee.

## OPINION

BACA, Justice.

We have withdrawn our previous opinion entered in this cause and substitute the following.

Plaintiff-appellant City of Farmington (City) appeals an award of attorneys' fees to defendant-appellee Continental Insurance Company (Continental) made pursuant to NMSA 1978, Section 59A–16–30 (Repl. Pamp.1988), and based on a groundless suit for insurance benefits. The appeal arises out of a suit based on contract and insurance claims and the City's claim for damages against defendant Foy Construction Company (Foy), a construction contractor for the City. We vacate the judgment and remand.

Foy's contract with the City required Foy to obtain insurance, including a comprehensive general liability policy and an owner's and contractor's protective liability policy to protect the City as insured should other claims against Foy exhaust coverage. The contract required that the City be named as an additional insured, with cross-liability provisions, on policies including a catastrophic umbrella policy; that the coverage be primary as to the City; and that the City receive notice before cancellation, limitation, or expiration of coverage. Certificates of insurance were required to document compliance.

Foy procured the necessary coverage, including the appropriate documentation, through Kline Insurance Agency, Inc. Foy subsequently changed insurance agencies, and another agency secured coverage, obtaining the comprehensive general liability insurance from Continental. No documentation of this was relayed to the City; the new policies did not provide the City with primary coverage; the City was not named as an additional insured, nor did the City receive notice of the cancellation of the original policies or of the changes in coverage.

Foy installed underground tanks without the necessary drain plugs. Over 28,000 gallons of gasoline leaked through the tanks, contaminating soil and groundwater, causing great damage, and requiring extensive clean up at a cost of over $1,300,000.

The City notified the original insurers, only then to learn that coverage with them had been cancelled. Subsequently, without knowledge of the changes in coverage, the City learned of the new insurers and notified Continental of its claims. Continental did not respond to the claims of coverage. The City brought suit against Continental alleging a third-party cause of action based on *Royal Globe Insurance Co. v. Superior Court*, 23 Cal.3d 880, 592 P.2d 329, 153 Cal.Rptr. 842 (1979) (in bank), *overruled*, *Moradi–Shalal v. Fireman's Fund Insurance Cos.*, 46 Cal.3d 287, 758 P.2d 58, 250 Cal.Rptr. 116 (1988) (in bank), and a violation of the Trade Practices and Frauds provisions of the Insurance Code, NMSA

1978, Sections 59A–16–1 to –30 (Repl.Pamp. 1988 & Cum.Supp.1990).[1]

After discovery and denial of the motion to submit a fourth amended complaint against the parties already joined,[2] the court dismissed the suit against Continental and awarded Continental attorneys' fees against the City pursuant to Section 59A–16–30 in the amount of $19,126.46 plus interest. The court found that the action against Continental was groundless and without factual basis; that none of the City's insurance experts could articulate any basis or grounds for this action, and that the City knew the action was groundless. The City appeals from this judgment.

Section 59A–16–30 sanctions a private right of action to a party suffering injury due to a violation of Article 16 of the Insurance Code, which deals with trade practices and fraud. Subsection A allows attorneys' fees to a prevailing defendant if "the party complaining of the violation * * * has brought an action which he knew to be groundless."

The City contends the district court erred in finding that its claims against Continental were groundless and in finding that the City brought suit with knowledge that the claims were groundless. We will consider initially the definition of "groundless" as that term is used in Section 59A–16–30 and then determine whether the standard was applied properly against the City.

## I. WHAT CONSTITUTES A GROUNDLESS ACTION ALLOWING ATTORNEYS' FEES?

Interpretation of this fee award provision is an issue of first impression in New Mexi-co. However, several tenets developed with reference to other statutory provisions sanctioning fee awards provide an appropriate starting point for our analysis.

■ Generally, each party to litigation must pay its own attorneys' fees. *Martinez v. Martinez*, 101 N.M. 88, 678 P.2d 1163 (1984). Fees may be awarded where allowed by statute at the discretion of the trial court. *See Keeth Gas Co. v. Jackson Creek Cattle Co.*, 91 N.M. 87, 570 P.2d 918 (1977). The claim, however, must fall within the scope of the statutory grant of authority. *See Hiatt v. Keil*, 106 N.M. 3, 738 P.2d 121 (1987).

■ A statutory grant of attorneys' fees to a defendant-insurer when a plaintiff brings suit knowing it is groundless discourages the bringing of such suits.[3] Section 59A–16–30, however, by its express terms is narrow. The legislature did not intend to penalize plaintiffs who may not prevail despite arguably meritorious claims or to deter potential plaintiffs from bringing suit out of fear that an adverse judgment may subject them to an assessment of attorneys' fees.

■ Section 59A–16–30 contemplates a discretionary award of attorneys' fees not for the pursuit of an action ultimately found to be groundless, but if the complainant "has *brought* an action which he *knew* to be groundless." (Emphasis added.) In other words, the statute expresses the clear legislative intent that for plaintiffs to be sanctioned with attorneys' fees it must be shown they subjectively knew at the time the suit was filed that the complaint was groundless.[4] Under the appropriate

---

1. In its proposed fourth amended complaint, the City alleged certain direct actions against Continental based on a theory of contract reformation. This theory, however, was never before the district court. The court never granted the motion to amend, and the City chose not to appeal that ruling.

2. The court granted the motion in part to allow the City to file a fourth amended complaint to join several other parties and to add claims against them.

3. *See Cutter Flying Serv., Inc. v. Straughan Chevrolet, Inc.*, 80 N.M. 646, 459 P.2d 350 (1969); *see*

*also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (fee award deters filing of suits that are "frivolous, unreasonable, or without foundation"); *Whitten v. Progressive Casualty Ins. Co.*, 410 So.2d 501, 505 (Fla.1982) (purpose of fee award is "to discourage baseless claims"), *overruled on other grounds, Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).

4. *See Atencio v. Board of Educ.*, 99 N.M. 168, 655 P.2d 1012 (1982) (if language is plain and unambiguous, statute must be given literal read-

circumstances, however, the filing of an amended complaint may constitute the bringing of an action, and, if done with knowledge that its allegations provided no grounds to prevail, may subject the plaintiff to sanctions.[5]

■ The groundlessness of a suit should not be determined in retrospect. Merely because in hindsight it may appear obvious that no facts or law support a judgment for the plaintiff, a suit may not necessarily be groundless. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978). A claim may appear meritorious to a plaintiff based on the initial pleadings, although as facts and legal theories develop it may become apparent that the suit is in fact groundless. Thus, dismissal prior to a trial on the merits is not dispositive of the issue of groundlessness.[6] *See Whitten v. Progressive Casualty Ins. Co.*, 410 So.2d 501, 505–06 (Fla. 1982), *overruled on other grounds, Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla.1985). An award of attorneys' fees against a plaintiff who has a good-faith belief at the time the complaint is filed that facts and law arguably may support a favorable judgment would run counter to the statute's plain language. *See generally Rivera v. Brazos Lodge Corp.*, 111 N.M. 670, 675, 808 P.2d 955, 960 (1991) (subjective measure of Rule 11 good-ground provision depends on what attorney or litigant knew and believed at relevant time).

■ A claim is groundless if the allegations in the complaint, although sufficient to survive a motion to dismiss for failure to state a claim, are not in good faith discoverable through litigation. Thus, plaintiffs are subject to Section 59A–16–30 fee sanctions if they have brought suit knowing they can present no legal argument to support the claim, or knowing they cannot come forth with the appropriate factual predicate to support their theory.

## II. DID THE CITY BRING A GROUNDLESS CLAIM?

The City claims that when it brought the suit, it was not groundless, arguing: (a) it raised an issue of first impression regarding statutory interpretation, and (b) it had a right to have the facts determined.

### a. *Issue of First Impression.*

■ The City maintains that, when it commenced its suit, the law was unclear as to whether a third-party claimant could pursue a private right of action against an insurer under Section 59A–16–30. That section authorizes a private right of action to "[a]ny person covered by [Article 16] who has suffered damages as a result of a violation of [Article 16.] ...."[7]

At the time this suit was brought, the City presented a good-faith argument to extend the law of New Mexico. Although certain precedent indicated that a third-party cause of action could not be maintained against an insurer, *see Patterson v. Globe Am. Casualty Co.*, 101 N.M. 541,

---

ing); *Vaughn v. State Taxation & Revenue Dep't*, 98 N.M. 362, 648 P.2d 820 (Ct.App.1982) (statute must be interpreted so as not to render language superfluous).

The United States Supreme Court, in *Christiansburg Garment*, 434 U.S. at 422, 98 S.Ct. at 701, construed the attorney fee provision of title VII to impose a continuing obligation on a plaintiff not to further pursue litigation after it becomes clear that the suit is "frivolous, unreasonable, or groundless." The statute at issue in *Christiansburg*, however, was not expressly limited to actions "brought"; it was silent on the question of when a court should exercise its discretion to award fees. The Colorado statute at issue in *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984) (en banc), expressly includes, within the ambit of activities allowing

a sanction of attorneys' fees, suits brought or *maintained* that are frivolous or groundless. *See* Colo.Rev.Stat. § 13–17–101 (1983 Supp.).

5. Because of the opportunity for discovery prior to the amendment, such circumstances may provide even stronger reasons to impose sanctions.

6. The determination of whether a suit is groundless from the outset should not turn on a pleading that may be inartfully drafted or facts that may not have been available when the pleadings were filed so that certain allegations could not be made.

7. These statutory duties are set forth in NMSA 1978, Section 59A–16–20 (Repl.Pamp.1988).

685 P.2d 396 (Ct.App.1984), this precedent was not dispositive.[8] While the precedent upon which the City relied, *Royal Globe Insurance Co. v. Superior Court,* 23 Cal.3d 880, 592 P.2d 329, 153 Cal.Rptr. 842 (1979) (in bank), was overruled by *Moradi–Shalal v. Fireman's Fund Insurance Cos.,* 46 Cal.3d 287, 758 P.2d 58, 250 Cal. Rptr. 116 (1988) (in bank), it was not overruled until shortly before the summary judgment motion was heard by the district court. Moreover, the decision of a California court to overrule its precedent does not prevent New Mexico from adopting that jurisdiction's previous construction of its similar statute.[9] The legislature did not intend to sanction potential plaintiffs who may bring a case based on a good-faith proposal to extend our law merely because it turns out that the theory was ill-founded.[10] We note, also, that although the City did not present this issue to the trial court as an attempt to expand New Mexico law, that should have been apparent to the court from the City's exclusive reliance on foreign authority.

Thus, the City presented a good-faith claim to expand our law, which, although ultimately untenable, appeared viable. Of course, no matter how accepted or avant garde a legal theory may be, it must be supported by the facts of the case.

b. *Right to Determine Facts.*

 Certain facts may not be ascertainable until after the trial process is initiated. *See Marchiondo v. Brown,* 98 N.M. 394, 397, 649 P.2d 462, 465 (1982) (pretrial discovery rules intend liberal discovery "to enable the parties to obtain the fullest possible knowledge of the facts before trial").

This one factor—that a plaintiff may in good faith be attempting to determine whether a seemingly implausible claim for benefits is in fact meritorious—may prevent a suit from being labelled as groundless from its initiation. We do not intend to suggest, however, that a suit known to be groundless can be justified in retrospect by an assertion that the facts needed to be developed.

Before the City initiated suit, it knew that its contract with Foy required Foy to procure insurance with the City as a named insured. The City learned that Continental provided insurance, but the insurer refused to respond to the City's requests for benefits. The City then filed suit and used the opportunity for discovery to develop the factual background. The City asserts that only after it initiated the case did it find that it was not a named insured, and it then proceeded to determine whether the facts supported a claim to reform the contract or the third-party claim.

On remand, the court shall determine, as a predicate to the issue of the City's subjective knowledge, whether this suit was groundless, in accordance with the dictates of our opinion.

c. *Knowledge of Groundlessness.*

 The City argues that the district court imputed the knowledge of several expert witnesses to it and contends that it was error to determine that it knew the claim was groundless based on the knowledge of witnesses. As discussed, Section 59A–16–30 requires a plaintiff to have had subjective knowledge that the claim was groundless when the suit was filed before sanctions would lie.[11]

---

**8.** The statutory structure considered in *Patterson* had been amended prior to the suit at issue.

**9.** We express no opinion regarding whether, under the appropriate circumstances, a direct action may be brought. That issue is not before the court.

**10.** Nor is it determinative that the City declined to appeal the substantive issues of this case. That decision could have been made for a variety of reasons irrelevant to whether the case was groundless when brought.

**11.** We agree with Continental that subjective knowledge can be proved circumstantially. *See Professional Insurors, Inc. v. Buck Scott & Son Motor Co.,* 110 N.M. 299, 795 P.2d 991 (1990); *See-Tee Mining Corp. v. National Sales, Inc.,* 76 N.M. 677, 417 P.2d 810 (1966). Circumstantial proof, however, does not allow the statutory language to be expanded beyond its plain meaning to include constructive knowledge.

 Factual questions remain regarding what the City knew and when it knew it. Under the circumstances of this case, the district court should have conducted an evidentiary hearing to resolve those issues. Continental asserts that collateral issues, such as a determination of costs and fees, normally are resolved summarily through motion proceedings rather than through a full-blown hearing on the merits. *See, e.g., Gavin Maloof & Co. v. Southwest Distrib. Co.*, 106 N.M. 413, 415, 744 P.2d 541, 543 (1987) (court properly could decide fee issue in its discretion based on knowledge of case without resort to extrinsic evidence); *Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 337, 695 P.2d 483, 487 (1985) (condemning complex hearings and litigation over attorneys' fees in workers' compensation context). Those cases, however, consider the amount of attorneys' fees where it was uncontroverted that the fees were authorized—summary proceedings were appropriate when the *amount* of the fee award was at issue, and a court is entitled to use its discretion to take judicial notice of certain factors pertaining to the amount of the award to reduce the time spent on litigation over fees. *Woodson*, 102 N.M. at 339, 695 P.2d at 489. The court appropriately may conduct a more in-depth inquiry when the issue is whether fees are authorized, especially when that determination requires inquiry into controverted questions of fact, such as a question of a party's subjective knowledge. *See Jeffers v. Martinez*, 93 N.M. 508, 601 P.2d 1204 (1979) (summary judgment inappropriate when question of fact regarding prior knowledge).

 On remand, the court shall determine whether the City knew that its suit was groundless. The knowledge of an expert witness cannot necessarily be imputed to the City as a party. The relevant subjective knowledge is that knowledge of the City employees who made, or influenced the making, of the City's decision to sue, or that of the City officials empowered to make the decision. Although the knowledge of other employees or agents may constitute circumstantial evidence of the actual knowledge of the relevant employees or officials, the decision makers cannot be charged as a matter of law with the knowledge of other employees, agents, or consultants. Under these circumstances, an evidentiary hearing is appropriate to determine the predicate question of whether the City had the requisite knowledge and, thus, whether an award of attorneys' fees is authorized by Section 59A–16–30.

In accordance with the foregoing, we vacate the judgment awarding attorneys' fees to Continental and remand to the district court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

SOSA, C.J., and RANSOM, MONTGOMERY and FRANCHINI, JJ., concur.