**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-076**

**Filling Date:  June 29, 2010**

**Docket No. 29,247**

**CYNDI C. DEAN,**

   **Plaintiff-Appellee,**

**v.**

**MARCO BRIZUELA,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Richard J. Knowles, District Judge**

Sanchez, Mowrer & Desiderio, P.C.
Frederick M. Mowrer
Albuquerque, NM

for Appellee

John V. Nilan, LLC
John V. Nilan
Albuquerque, NM

for Appellant

**OPINION**

**VIGIL, Judge.**

**{1}**     This case involves attorney fees under the Unfair Trade Practices Act (UPA), NMSA 1978, Sections 57-12-1 to -22 (1967, as amended through 2009).  Plaintiff was successful on certain claims brought against Defendant, but not the UPA claim.  The metropolitan court (trial court) judge ruled that Defendant was only entitled to attorney fees incurred in defending the UPA claim.  Since Defendant did not identify what portion of his fee was attributable to defending the UPA claim, the trial court judge ruled that Defendant was not entitled to any attorney fees.  We affirm.

1

## FACTS

{2}    Plaintiff sold Defendant a motorcycle. In a complaint filed in the trial court, Plaintiff sued for rescission of the contract and for damages, alleging disputes concerning repairs Defendant made to the motorcycle, damage to the motorcycle, and a return of the motorcycle without all its parts. Defendant denied the material allegations of the complaint and filed a counterclaim, alleging in part that Plaintiff was unjustly enriched by repairs he made to the motorcycle and that Plaintiff committed extortion by reporting the dispute to Defendant's probation officer. Plaintiff denied Defendant was entitled to relief under his counterclaims. Defendant then filed a motion for summary judgment, and after Plaintiff responded, the trial court denied the motion.

{3}    The trial court then granted Plaintiff leave to file an amended complaint to add a claim for intentional infliction of emotional distress and attorney fees. The amended civil complaint, filed on August 30, 2007, repeated the essential allegations of the original complaint, added a claim for intentional infliction of emotional distress, and a claim for attorney fees pursuant to the UPA. The claim for attorney fees alleged:

> Defendant represented himself [as] a mechanic familiar with and capable [of] making repairs on the motorcycle; defendant threatened to double the charges for the costs of repairs allegedly made; he threatened and verbally abused the plaintiff in an effort to collect the fees for the work he allegedly performed; defendant submitted false and fabricated bills; in doing the acts alleged herein the defendant engaged in unfair or unconscionable trade practices in violation of the [UPA]. Said violations entitle the plaintiff to an award of treble damages and attorney fees.

Defendant denied the material allegations of the amended complaint, alleged six affirmative defenses, and three counterclaims, one of which was that Defendant was entitled to attorney fees and costs pursuant to the UPA, because, asserted Defendant, Plaintiff's claim under the UPA "is baseless."

{4}    Following trial, the trial court announced its decision, granting rescission of the contract and awarding Plaintiff damages. As to Plaintiff's UPA claim, the trial court stated that Plaintiff was required to prove that Defendant was acting in the regular course of his business, there was no proof that he was in the business of motorcycle repairs, and he was clearly not acting in such a capacity. On this basis, the trial court ruled that the UPA claim was "baseless" and under the UPA, Defendant was entitled to attorney fees and costs. However, the trial court also ruled that Defendant was entitled to attorney fees for only the work expended in defense of the UPA claim, which was not much. The trial court directed Defendant's attorney to prepare a bill reflecting only his time in defending the UPA claim.

2

**{5}** Following trial, Plaintiff conceded she "did not prove that Defendant was engaged in the regular course of his trade or commerce" as required by the UPA to warrant an award of attorney fees. Consistent with the trial court's ruling, Plaintiff asked the trial court to conclude as a matter of law, "Defendant is awarded attorneys fees only for the time associated with the defense of Plaintiff's Unfair Practices Claim. Defendant will submit an affidavit of attorneys fees setting forth the time spent in the defense of the Unfair Practices Claim."

**{6}** Defendant asked the trial court to "grant" Defendant's counterclaim for attorney fees and costs pursuant to Section 57-12-10(C) because Plaintiff's "claim for violation of the [UPA] was groundless." However, counsel made no attempt to comply with the directive of the trial court concerning attorney fees. Instead, counsel submitted an attorney affidavit for attorney fees seeking payment of his total bill from the beginning of the case, plus tax, in the amount of $7,137.15. Counsel asserted:

> Defendant's attorneys fees and expenses are reasonable because of the nature of the multiple claims, the multiple claims of the Plaintiff, the nature of the claims of the Plaintiff and the counterclaims of the Defendant and the attempt to resolve the matter at the earliest stages of the case through motion to dismiss and affirmative defenses. In relation to the experience of the Defendant's counsel and the time spent, the time expended by the Defendant's counsel has been reasonable and necessary. All the issues raised by the Plaintiff were contested by the Defendant. The Plaintiff raised groundless claims to assert claims for punitive damages and attorney fees and costs where none were cognizable [by] law.

Plaintiff objected to Defendant's attorney fee affidavit in part because:

> Defense Counsel completely ignores the ruling of [the c]ourt by filing the Affidavit seeking an award of all attorney's fees and costs associated with this case. This is [in] direct disregard of the [court's] ruling, which only awarded Defendant attorneys fees for time counsel spent in defense of Plaintiff's claim under the [UPA].

Moreover, Plaintiff stated,

> [Nowhere] in the eleven pages of bills submitted by Defense Counsel is there a reference to research, pleadings or any work related to defending the Unfair Practice Claim raised by Plaintiff. Therefore, Defense Counsel has failed to support an award of any fees as related to the defense of the [UPA] as ordered by the [c]ourt.

**{7}** The trial court held a hearing on Plaintiff's objection to Defendant's attorney fee affidavit. Defendant's counsel argued that because the statute is mandatory in requiring attorney fees to be awarded when it is operative, because the UPA was commingled with all the other claims and the "real" claim litigated was the UPA claim, it was unfair to require him to parse out his time in defending the UPA claim. While now conceding that the UPA claim was not made until the amended complaint was filed on August 30, 2007, Defendant continued to assert that the entire fee charged from that date forward should be awarded. Thus, the fee requested was reduced from $7,137.15 to $5,566.08. The trial court stated that if counsel's position was that he was entitled to the entire amount or nothing at all, he was not entitled to any attorney fees because the single issue under the UPA was whether Defendant was acting in the capacity of his business. Counsel objected, stating that the statute is mandatory in stating that attorney fees "shall" be awarded when it is triggered, and it is "disingenuous" for counsel to submit a bill to the client, and a different one, parsed, to the court.

**{8}** The findings of fact and conclusions of law and judgment of the trial court reflect that the trial court granted attorney fees under the UPA because Plaintiff's UPA claim had no basis in that Defendant was not acting in the regular course of his trade or commerce when he worked on the motorcycle he purchased. The trial court specifically found, "[t]he claim under the [UPA] had no basis upon which to base a claim." The trial court was also well aware of the mandatory provision of Section 57-12-10(C). The trial court quoted the statute in its decision: "The court shall award attorneys' fees and costs to the party charged with an unfair or deceptive trade practice or an unconscionable trade practice if it finds that the party complaining of such trade practice brought an action which was groundless." The court also summarized Defendant's argument: "Defendant believes that the language in [Section 57-12-10(C)] means all attorney fees shall be paid by the party asserting a claim under the [UPA] if the defending party is successful in defending the claim under [the UPA] even if they were not successful in defending other claims asserted in the complaint." The trial court further found that it would award attorney fees only for time spent in defending the UPA claim, that the amount of time spent in defending the UPA claim would be minimal, that Defendant's counsel did not provide a bill separating time spent defending the UPA claim from the rest of the claims, and that Defendant's counsel believed the amount could not be separated out. Thus, the trial court concluded as a matter of law:

> Defendant was awarded, in theory, attorney fees for the minimal time his attorney would have expended on defending the [UPA] claim but no amount was in fact awarded because the attorney did not separate out the time spent on defending the [UPA] claim from the other claims.

**{9}** Defendant appealed to the district court, and the district court affirmed. The district court reasoned that while Section 57-12-10(C) of the UPA is mandatory upon a successful defense of a UPA claim and a finding that bringing the UPA claim was groundless, the statute does not require payment of attorney fees for the unsuccessful defense of other non-UPA claims brought by a plaintiff. Stated another way, "[t]he [UPA] is a consumer

4

protection act; the [c]ourt does not discern a legislative intent in the attorney fees provision to punish a plaintiff with a losing [UPA] claim by making her pay attorney fees for other claims that were successful." Further, the district court noted, counsel failed to submit a reasonable amount for the work performed in defending the UPA claim, and the trial court was not required to calculate an attorney fee on its own. Therefore, concluded the district court, the trial court did not abuse its discretion by refusing to award all attorney fees or by refusing to make its own calculation of the work spent by defense counsel in defending the UPA claim.

**{10}** Defendant again appeals, and we also affirm.

**DISCUSSION**

**{11}** On appeal, our review is limited to determining whether the trial court abused its discretion. *See Jaramillo v. Gonzales*, 2002-NMCA-072, ¶ 38, 132 N.M. 459, 50 P.3d 554. Defendant argues that upon a finding that a UPA claim is "groundless," Section 57-12-10(C) requires an award of attorney fees and costs in favor of the defending party. Therefore, asserts Defendant, it was an abuse of discretion to award no attorney fees.

**{12}** Defendant makes two separate arguments on how the fees should have been calculated. First, Defendant asserts that because the trial court heard the case on the merits, and was intimately aware of the nature of the claims and defenses, the trial court was able to review the claim for attorney fees and determine the amount of recoverable attorney fees. Secondly, Defendant argues he was entitled to an award of all the attorney fees generated from the time the amended complaint was filed and the UPA claim was first asserted, to the conclusion of the trial.

**{13}** Plaintiff argues that whether attorney fees are mandatory is not the issue; but rather, the issue is whether the trial court abused its discretion when Defendant failed to support his claim for attorney fees by specifying in any manner what fees were incurred in defending against Plaintiff's UPA claim. We agree with Plaintiff's statement of the issue before us.

**{14}** We conclude that the burden was upon Defendant to segregate the fees charged in defending the UPA claim or to demonstrate that it was difficult or impossible to segregate the work in defending the UPA claim from Plaintiff's other claims and Defendant's own counterclaims. Since Defendant did not do either, we conclude the trial court did not abuse its discretion and affirm.

**{15}** It is well settled that in the absence of statutory authority, or a rule of court, attorney fees are not recoverable as an element of damages. *Hiatt v. Keil*, 106 N.M. 3, 4, 738 P.2d 121, 122 (1987). An additional exception is when a contract provides for an award of attorney fees. *See In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 19, 140 N.M. 879, 149 P.3d 976 ("A contract providing for attorney fees is enforceable.").

**{16}** Thus, it has long been the rule in New Mexico that a party is only entitled to those fees resulting from the cause of action for which there is authority to award attorney fees. *See Hiatt*, 106 N.M. at 4, 738 P.2d at 122 (adopting the rule that a party is entitled "'only to those fees resulting from its principal cause of action for which there is a contractual (or statutory) obligation for attorney's fees'") (quoting *Utah Farm Prod. Credit Ass'n v. Cox*, 627 P.2d 62, 66 (Utah 1981)). Where a party has asserted a claim for which attorney fees are authorized and has also been required to defend a counterclaim for which no attorney fees are authorized, our courts have not adhered to a rigid rule that attorney fees may never be awarded for defending the counterclaim, but "we do caution that it should be the exception and not the rule to do so." *Hiatt*, 106 N.M. at 4-5, 738 P.2d at 122-23.

**{17}** Our Supreme Court has continued to direct that recoverable fees be segregated from non-recoverable fees to ensure that only those fees for which there is authority to award attorney fees are in fact awarded. In *Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co.*, 115 N.M. 152, 157-58, 848 P.2d 1079, 1084-85 (1993), the trial court awarded attorney fees to the plaintiff for work related both to the prosecution of its action on an open account, for which attorney fees are authorized, and to its defense on the defendant's counterclaim for an account stated, for which an award of attorney fees is not authorized. The Supreme Court reversed the summary judgment in the plaintiff's open account claim. *Id.* at 158, 848 P.2d at 1085. This in turn also required a reversal of the attorney fees awarded because the statute authorizing attorney fees in an action on open account did not also authorize an award of attorney fees in an action for an account stated. *Id.* The Court added:

> Some of the work may be inextricably intertwined, making it difficult or impossible to segregate some of the time worked on the complaint from work related to the counterclaims. Nevertheless, the trial court should attempt to distinguish between the two types of work to the extent possible. Accordingly, we vacate the entire award of attorney's fees. If, on remand, [the plaintiff] prevails on its complaint and the trial court awards a reasonable attorney's fee, the award should be limited, to the extent feasible, to work related to prosecution of the complaint.

*Id*.

**{18}** We have also adhered to these requirements. For example, in *Jaramillo*, the trial court determined that only a portion of the attorney fees requested by the plaintiffs were related to the UPA claim which they succeeded in prosecuting and, accordingly, made a reduction to the amount claimed. 2002-NMCA-072, ¶ 38. On appeal, we said that the trial court was required to review the request for attorney fees "and determine what portion of the work done was attributable to the UPA claim." *Id.* ¶ 39. However, the plaintiffs asserted that there was no evidence that the UPA claims were separate or could be separated from the other claims, that the entire case was based on the defendant's conduct which supported the UPA claim, and that the burden was on the defendant to show that the time was separable. We disagreed:

6

Once Plaintiffs made their claim for the attorney fees, it was left to the discretion of the trial court to make the award based upon Plaintiffs' proof of the reasonableness of the fees. The [defendant] did not have to object to the time or show that it was separate. It was for the trial court to review the claim made by Plaintiffs and in its discretion determine what fees to award. We cannot say that the trial court abused its discretion by reducing the request for attorney fees to that amount relating solely to the UPA claim.

*Id.* ¶ 41. In *J. R. Hale Contracting Co. v. Union Pacific Railroad*, 2008-NMCA-037, ¶¶ 92, 95, 143 N.M. 574, 179 P.3d 579, we agreed that an award of attorney fees under a statutory claim which allows an award for attorney fees, which is joined with non-statutory claims must be limited to the work done on the statutory claim. We acknowledged that in certain cases it could be difficult or impossible to segregate the work performed on different claims because such work was "inextricably intertwined." *Id.* ¶ 95 (internal quotation marks and citation omitted). The burden of showing this to be the case at the trial court level and on appeal is with the attorney who seeks the attorney fee award. *Id.*

**{19}** Defendant made no showing of any kind to the trial court what portion of the attorney fees charged was attributable to defending the UPA claim or why it was difficult or impossible to segregate the work in defending the UPA claim from Plaintiff's other claims and Defendant's own counterclaims. Under these circumstances we conclude the trial court did not commit an abuse of discretion in refusing to award Defendant attorney fees for successfully defending the UPA claim.

**CONCLUSION**

**{20}** The order of the district court which affirms the order of the trial court is affirmed.

**{21}** **IT IS SO ORDERED.**

                                                _____

                                                **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**

**Topic Index for *Dean v. Brizuela*, Docket No. 29,247**

**CM**                       **COMMERCIAL LAW**
CM-AF                   Attorney Fees

CM-UP          Unfair Practices Act

**MS**          **MISCELLANEOUS STATUTES**
MS-UP         Unfair Practices Act