This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39137**

**THOMAS KENNEDY,**

Plaintiff-Appellant,

v.

**BOB SHERWIN; KEITH SCHAUDER; PADRE SPRINGS, LLC; THE CLIFFS AT PADRE SPRINGS, LLC; and THE CLIFFS AT PADRE SPRINGS HOME-OWNERS ASSOCIATION, INC., II,**

Defendants-Appellees,

and

**BOB SHERWIN; KEITH SCHAUDER; PADRE SPRINGS, LLC; THE CLIFFS AT PADRE SPRINGS, LLC; and THE CLIFFS AT PADRE SPRINGS HOME-OWNERS ASSOCIATION, INC., II,**

Counterclaimants,

v.

**THOMAS KENNEDY,**

Counterdefendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Judge**

Durham, Pittard & Spalding, LLP
Caren I. Friedman
Justin R. Kaufman

Rosalind B. Bienvenu
Santa Fe, NM

Sommer, Udall, Hardwick & Jones, P.A.
Cullen Hallmark
Santa Fe, NM

Bruce S. Garber
Santa Fe, NM

for Appellant

McClaugherty & Silver, P.C.
Joe L. McClaugherty
Santa Fe, NM

Jere Kathryn Smith
Roswell, NM

for Appellees

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     This appeal arises from a dispute over a subdivision housing development and the activities of its Homeowners Association (HOA); the ensuing litigation lasted nearly seven years. Plaintiff Thomas Kennedy sued the owners, developers, and HOA (collectively, Defendants) on multiple legal theories, none of which prevailed. The district court declared Defendants the prevailing parties and awarded attorney fees and costs.[1] Kennedy argues that the district court erred (1) in calculating the award of attorney fees, and (2) by refusing to disqualify defense counsel for concurrent conflicts of interest. We affirm.

**DISCUSSION**

**I.     Attorney Fees**

---

[1]Defendants also filed a number of counterclaims. While Kennedy asserts that Defendants prevailed on some, but not all, of their counterclaims, the district court's amended order stated that "Defendants' counterclaims are expressly denied." Notwithstanding this, the district court's order could be read to grant some of the relief requested in Defendants' counterclaims by ruling that the amended declaration is enforceable and that Defendants were entitled to attorney fees for defending against claims brought by Kennedy related to the agreement and mutual release. However, in light of our holding, we need not explore this inconsistency further.

**{2}** "We review an award of attorney fees for an abuse of discretion." *Paz v. Tijerina*, 2007-NMCA-109, ¶ 8, 142 N.M. 391, 165 P.3d 1167. "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances of the case." *Garcia v. Jeantette*, 2004-NMCA-004, ¶ 15, 134 N.M. 776, 82 P.3d 947 (internal quotation marks and citation omitted). An abuse of discretion may also occur if the district court bases a discretionary decision on a misapprehension of law. *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450.

**{3}** In this case, the district court determined that only Defendant Padre Springs, LLC, was entitled to attorney fees and that all Defendants were entitled to costs. Defendants filed a motion seeking $759,475 in attorney fees and $23,197.75 in costs. In support, they submitted an attorney affidavit and extensive notes regarding the hours billed. They also identified "$30,259.00 in fees that were outside the claims covered by the . . . [o]rder and . . . [listed them in the] attached bills as 'No Charge.'" Defendants further noted that "at least seventy-five percent (75%) of the total attorney fees requested are clearly subject to the [c]ourt's [o]rder and are allowable. The other twenty-five percent (25%) are so intermingled and intertwined that they could not be definitely separated and confirmed."

**{4}** Kennedy responded with a general claim that the district court should deny the request outright because "Padre Springs did not separate attorney fees that are properly awardable from those that were not." He then went on to make specific objections to fees that he found vague, excessive, duplicative, nonlitigation related, or related to work for Defendants other than Padre Springs. Defendants responded by noting that Kennedy had not objected to $584,529 of the fees requested by Defendants. Defendants also agreed with Kennedy's objections as to $10,350 of the fees requested and reduced their total attorney fee request to $749,124.75. The district court ultimately awarded $576,599.51 in attorney fees *and costs*.

**{5}** Kennedy now argues that the district court erred in calculating attorney fees because it "[(1)] failed to consider Defendants' unsuccessful counterclaims, [(2)] failed to segregate recoverable from non-recoverable fees, and [(3)] failed to ensure the reasonableness of the amount awarded."

**{6}** In support of the first argument, Kennedy notes that defense counsel sought fees for both defending against Kennedy's claims and for prosecuting Defendants' counterclaims. Kennedy asserts that the district court was required to, but did not, distinguish between time spent on Defendants' successful defense of Kennedy's claims and time spent on prosecuting their unsuccessful counterclaims. *See Thompson Drilling, Inc. v. Romig*, 1987-NMSC-039, ¶ 22, 105 N.M. 701, 736 P.2d 979 ("[I]t is appropriate to distinguish between the amount of the attorney[] fees incurred for prosecution of the complaint and counsel's fees for defense of a counterclaim."). Both below and on appeal, Kennedy offered no more than a conclusory assertion on this point, stating simply that "[n]either Defendants nor the district court made any attempt to segregate fees incurred as a result of prosecuting [Defendants'] largely unsuccessful counterclaims." However, Defendants asserted in both their request and their reply that

it was difficult or impossible to segregate the work performed on the different claims because the work was "inextricably intertwined." *See Puma v. Wal-Mart Stores East, LP*, ___-NMCA-___, ¶ 43, ___ P.3d ___ (A-1-CA-38023, Aug. 9, 2022) (quoting *J.R. Hale Contracting Co. v. Union Pac. R.R.*, 2008-NMCA-037, ¶ 95, 143 N.M. 574, 179 P.3d 579). Kennedy has made no effort to address or rebut this argument.

**{7}**     Kennedy also asserts the district court should have provided an offset for fees Kennedy incurred in successfully defending against Defendants' counterclaims. Kennedy's argument on this point begins and ends there. He offers no authority to support this claim, nor does he direct us to any portion of the record below where he filed a request for fees that he claims "should" have been offset, thereby invoking the district court's consideration and preserving the matter for our review. For these reasons, we decline to consider this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal.").

**{8}**     Kennedy next asserts that the district court failed to segregate recoverable from nonrecoverable fees, either as between parties or between claims. In terms of differentiation between parties, Kennedy baldly asserts that "the district court made [no] attempt to separate out fees incurred by Padre Springs, as opposed to fees incurred by all of the other Defendants." The record indicates otherwise. Defendants' fee request demonstrated that they had made an effort to separate "fees that were not related to the allowed Defendants." Before the district court, Kennedy specifically objected to certain of defense counsels' time entries on the basis that they were for activities related to other Defendants, including the HOA. Those objections amounted to around 40.5 hours of work. As for the remainder of Defendants' fee request, Kennedy did not make a specific showing or argument in the district court as to why Defendants' efforts to segregate fees was insufficient. His argument on appeal is similarly sparse, and he has made no showing that the district court awarded fees for work performed on behalf of parties other than Padre Springs. *See Perez v. Gallegos*, 1974-NMSC-102, ¶ 3, 87 N.M. 161, 530 P.2d 1155 ("The nature of claimed error on the part of the trial court must be specifically stated and argued."). And to the extent Kennedy asserts that Padre Springs is not entitled to fees *at all* because there was no proof that it paid attorney fees during litigation, he again fails to alert us to where this issue was raised below, and again provides no authority to support a claim that a party must pay attorney fees in order to receive them. We decline to address this argument further. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

**{9}**     In terms of differentiation between claims, Kennedy focuses on whether the fees awarded resulted from "[a] cause of action for which there is authority to award attorney fees." *See Dean v. Brizuela*, 2010-NMCA-076, ¶ 16, 148 N.M. 548, 238 P.3d 917. Both parties agree that it was Defendants' burden to segregate recoverable from nonrecoverable fees, *see id.* ¶ 14, and that the district court "was required to review Defendants' attorney fee request and determine what portion of it was attributable to claims for which fees were authorized." *See Jaramillo v. Gonzales*, 2002-NMCA-072, ¶ 39, 132 N.M. 459, 50 P.3d 554. The district court awarded Padre Springs attorney fees

based on a provision in a 2012 settlement agreement between the parties, and under NMSA 1978, Section 47-6-27.1(D) (1995) ("The court, in its discretion, may award reasonable attorneys' fees to the prevailing party."). Kennedy asserts that the parties presented common law claims that fell outside the scope of the 2012 agreement and claims that did not support attorney fees under statute. Kennedy does not tell us which specific claims he is referring to. Instead, he offers only that "the record shows that the district court failed to meet its obligation." Kennedy has not identified any specific portion of the record in support of his claim of error. Because we have "no duty to review an argument that is not adequately developed," *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701, we decline to consider Kennedy's contention that the district court failed to meet its obligation in evaluating Defendants' fee request. *See Doe v. City of Albuquerque*, 1981-NMCA-049, ¶ 8, 96 N.M. 433, 631 P.2d 728 ("Points of error not properly briefed or argued will not be considered; rather, we will indulge all presumptions in favor of the correctness of the procedures in the trial court." (citation omitted)).

{10}    Finally, Kennedy claims that the district court erred by awarding an unreasonable amount of fees. He alleges that "Defendants merely hazarded a guess that 'at least' 75% of their claimed fees are recoverable and the other 25% are so 'intertwined that they could not be definitely separated and confirmed.'" According to Kennedy, the district court failed to scrutinize Defendants' time entries and "merely went along with the random 75% figure." Kennedy also claims that the district court failed to consider several of the lodestar criteria when considering the reasonableness of the fee request, including "the time and labor required for the representation, and the results obtained." *See Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶ 13, 287 P.3d 318 ("While an award of attorney fees is discretionary, the exercise of that discretion must be reasonable when measured against objective standards and criteria." (internal quotation marks and citation omitted)). We do not agree.

{11}    The district court was presented with detailed time records and an affidavit explaining how counsel's hourly fees were customary in the industry. Those records set forth the extensive work undertaken by counsel over the course of nearly seven years of litigation. The district court awarded $576,599.51 in attorney fees and costs based on "the amounts claimed by Defendants, the objections of [Kennedy] that were valid and noted by Defendants, and a reduction of an additional $7,929.49 for the costs related to [an expert witness deemed unhelpful to the court]." And, as Defendants point out, the district court awarded less attorney fees than those that would have been permitted after all of Kennedy's specific objections to time entries.

{12}    The district court's actions in this case do not resemble other cases that Kennedy cited, where the district court "failed to determine the time reasonably necessary to provide the required services and instead made an arbitrary fee award." *See id.* ¶ 13 (reversing an award of attorney fees where the district court expressly refused to consider the time and labor required and the fee customarily charged for similar services); *Autovest L.L.C. v. Agosto*, 2021-NMCA-053, ¶¶ 26-27, 497 P.3d 642 (reversing an award of attorney fees to the plaintiffs where the district court arbitrarily

reduced the award by two-thirds); *Autovest, L.L.C.*, 2021-NMCA-053, ¶¶ 30-31 (concluding that the district court erred in ruling that a reduction of the plaintiff's attorney fee award constituted an award to the defendants for successfully defending against the plaintiff's counterclaim because the defendants had not yet submitted a motion or evidence as to the amount of fees they incurred).

**{13}** Ultimately Kennedy has not shown that the district court failed to consider the unsuccessful counterclaims, nor did he rebut Defendants' argument that the claims were inextricably intertwined. Nor has Kennedy persuaded us that the district court failed to segregate recoverable fees from nonrecoverable fees, whether between the parties or between claims. Finally, Kennedy has not indicated how the district court's award of attorney fees was unreasonable. We conclude that the district court did not abuse its discretion in calculating the award of attorney fees for Defendants.

## II.    Disqualification of Defense Counsel

**{14}** "A ruling on a motion to disqualify is generally reviewed for an abuse of discretion." *Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶ 13, 292 P.3d 466. Kennedy initially asked the district court to disqualify defense counsel because of an alleged concurrent conflict of interest in violation of Rule 16-107 NMRA. Notably, Kennedy never asserted that a conflict existed between himself and Defendants, but rather that a conflict of interest could arise amongst the individual Defendants. *Cf. Roy D. Mercer, LLC*, 2013-NMSC-002, ¶¶ 30-32, 46 (disqualifying counsel for a conflict of interest that arose after the plaintiff discovered that his former attorney had joined the firm representing the defendants); *Day-Peck v. Little*, 2021-NMCA-034, ¶¶ 25-26, 493 P.3d 477 (affirming disqualification of counsel from representing multiple plaintiffs with adverse interests in life insurance proceeds).

**{15}** The district court found that no conflict of interest existed between Defendants. The district court denied the motion to disqualify because "[t]he overlap of interests between the HOA and the developer does not create a conflict of interest that would require disqualification under Rule 16-107(B)(3) (the assertion of a claim by one client against another)." Furthermore, defense counsel indicated that Defendants had signed written waivers of any conflict of interest in accordance with Rule 16-107(B)(4). While Kennedy notes those waivers were not made part of the record, this does not constitute error given the district court's finding that no conflict existed in the first place.

**{16}** Kennedy has not persuaded us that the district court abused its discretion in its rulings. And, as a practical matter, Kennedy has not indicated what relief this Court could grant even if it were to find an abuse of discretion. *See Living Cross Ambulance Serv., Inc. v. N.M. Pub. Regul. Comm'n*, 2014-NMSC-036, ¶¶ 21-22, 338 P.3d 1258 (directing trial courts to determine whether conflicts of interest exist before substantive proceedings occur); *see also* Rule 12-318(A)(5) NMRA (requiring "a conclusion containing a precise statement of the relief sought"). We affirm the district court's finding that no conflict existed between defense counsel's clients.

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm.

**{18} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MICHAEL D. BUSTAMANTE, Judge, retired, sitting by designation**