638 P.2d 1070

**VINTON EPPSCO INCORPORATED OF ALBUQUERQUE, a New Mexico Corporation, Plaintiff-Appellant,**

v.

**SHOWE HOMES, INC., et al., Defendants-Appellees,**

and

**Showe Homes, Inc., Garnishee-Appellee,**

and

**WPC, Inc., a foreign corporation, Intervenor-Appellee.**

No. 13606.

Supreme Court of New Mexico.

Nov. 2, 1981.

Rehearing Denied Jan. 6, 1982.

Robert N. Singer, Southard & Moses, Kate M. Southard, Albuquerque, for plaintiff-appellant.

Barnhart & Oliver, Stephen D. Bass, Albuquerque, for appellees.

## OPINION

SOSA, Senior Justice.

The sole issue on appeal is whether the district court exceeded the mandate of this Court upon remand by awarding appellee (Showe) appellate attorney fees. We find that it did and hereby reverse the trial court.

Appellant (Eppsco) sued Showe and William Coady (Coady) for non-payment for plumbing materials supplied to Coady, an unlicensed plumber, for use in the construction of Showe's building. Eppsco obtained judgment against Coady and executed a writ of garnishment on Showe. The Valencia County District Court dissolved the writ of garnishment and awarded Showe $900.00

in attorney fees pursuant to Section 35–12–16(B), N.M.S.A.1978. On appeal, this Court affirmed by memorandum opinion. *Eppsco v. Showe Homes, Inc., et al.*, No. 12836 (Dec. 11, 1980). A mandate was issued remanding the cause to the district court "for further proceedings, *if any*, consistent with" the memorandum opinion. (Emphasis added.) Although Showe urged this Court to remand the original appeal to the trial court for an assessment of appellate attorney fees, this Court made no mention of a remand for that purpose.

On remand, Showe moved the district court to assess attorney fees on appeal in the amount of $2,400.00. Since Eppsco failed to appear or otherwise answer Showe's motion, the district court awarded appellate attorney fees in the amount of $2,400.00.

■ On appeal, Eppsco argues that the district court exceeded the mandate of the Supreme Court on remand and, therefore, was without jurisdiction to award appellate attorney fees. We agree. The district courts have only such jurisdiction on remand as the opinion and mandate of an appellate court specifies. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978). It is well settled that the duty of a lower court on remand is to comply with the mandate of the appellate court, and *to obey the directions therein without variation*, even though the mandate may be erroneous. *Glaser v. Dannelley*, 26 N.M. 371, 193 P. 76 (1920).

Showe contends that the mandate issued to the district court was complied with since the only obligation of the district court in this garnishment proceeding was to grant appellate attorney fees pursuant to Section 35–12–16(B), N.M.S.A.1978, and *Bank of New Mexico v. Priestley*, 95 N.M. 569, 624 P.2d 511 (1981).

■ In *Priestley*, we held that Section 35–12–16(B) required reasonable attorney fees at both the appellate and trial levels. There is no question that appellate courts "may award attorneys' fees for services rendered on appeal in causes where the award of attorneys' fees is permitted by law ...." N.M.R.Civ.App. 27(b), N.M.S.A. 1978. *Priestley* requires the award of a reasonable attorney fee. What constitutes a reasonable attorney fee on appeal is discretionary with the appellate courts. *Swain v. Salt Lake Real Estate and Investment Co.*, 3 Utah 2d 121, 279 P.2d 709 (1955). Appellate courts have authority to either make an allowance of attorney fees on appeal or to remand to the lower court for that purpose. *Coons v. Coons*, 6 Wash. App. 123, 491 P.2d 1333 (1971).

In the case at bar, the Supreme Court considered Showe's request to remand the case to the district court for an assessment of appellate attorney fees and decided against remanding for that purpose. Therefore, it is clear that this Court did not feel that Showe was entitled to an award of appellate attorney fees. The district court exceeded its jurisdiction on remand by awarding $2,400.00 in appellate attorney fees and therefore is reversed.

Each party will bear his own costs for this appeal.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, J., concur.