This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LANA CAROL MUSE,**

Petitioner-Appellee,

**v.**                                                                              **No. 30,348**

**JACK LEROY MUSE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Lana Carol Muse
Clovis, NM

Pro Se Appellee

Jack Leroy Muse
Clovis, NM

Pro Se Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Respondent-Appellant Jack L. Muse appeals the district court's order

dismissing his request for an accounting and other relief in the divorce case brought

by Petitioner-Appellee Lana Muse.  On  June 2, 2010, this Court filed a notice of proposed summary disposition proposing to affirm the district court.  On June 21, 2010, Appellant filed a memorandum in opposition to summary affirmance, which we have given due consideration.  We affirm the district court.

Appellant asks whether the district court's "Decision and Order Granting in Part and Denying in Part Respondent's Motion for an Accounting" (May 22, 2009 decision) fulfills the mandate of this Court on remand from our decision in *Muse v. Muse*, 2009-NMCA-003, 145 N.M. 451, 200 P.3d 104 (filed 2008) (*Muse I*). [DS 11-12]

"It is well settled that the duty of a lower court on remand is to comply with the mandate of the appellate court, and to obey the directions therein without variation[.]" *Vinton Eppsco Inc. of Albuquerque v. Showe Homes, Inc.*, 97 N.M. 225, 226, 638 P.2d 1070, 1071 (1981) (emphasis omitted).  Where there is a question as to whether a district court followed this Court's  mandate on remand, "[i]t is within the power, and it is the duty, of this [C]ourt to construe its own mandate in case there is any ambiguity in the same." *State ex rel. Bujac v. Dist. Ct. of Second Judicial Dist.*, 28 N.M. 28, 32, 205 P. 716, 718 (1922).  We review the question of whether a district court has followed its jurisdiction and authority on remand de novo, as it involves a question of law.  *See Garcia v. Garcia*, 2010-NMCA-014, ¶ 27, 147 N.M. 652, 227

P.3d 621 (filed 2009), *cert. granted*, 2010-NMCERT-002, 147 N.M. 705, 228 P.3d 489.

In *Muse I*, this Court reversed in part and remanded the case for further proceedings, with the following instructions.

> We reverse the district court's denial of Husband's motion for an accounting from Wife and remand for explicit determinations consistent with this opinion. We also reverse and remand, consistent with this opinion, for explicit determinations in regard to whether Husband was improperly denied access to information and documents underlying the special master reports.

2009-NMCA-003, ¶ 84. Earlier in the opinion in *Muse I*, we stated:

> On remand, the district court is to address the issues of whether, and if so, in what manner, Wife properly and adequately accounted to Husband. The court is to also address whether, and if so to what extent, Husband is entitled to accountings from Wife. If any aspect of this issue involves whether the special master properly and adequately accounted to Husband on Wife's behalf or independently, the court should also address this latter issue. Further, the district court is also to address whether, and if so to what specific extent, Husband is entitled to receive the information and documents that he has requested and that support the information, conclusions, and recommendations of the special master. To support the court's ultimate holdings, the court should provide explicit determinations or findings, with rationales.

*Id.* ¶ 54. We first point out that we did not mandate an accounting or mandate that Appellant be provided with information and documents related to the special master's conclusions. Rather, we mandated that the district court make findings related to

whether Appellee had properly and adequately accounted to Appellant, and whether Appellant was "entitled" to the accounting and information.

The district court's May 22, 2009, decision following remand found specifically that "[Appellant] was not provided an adequate accounting of [Appellee's] liquidation activity and he was not provided any documentation underlying the [s]pecial [m]aster's recommendations and conclusions." [Supp. RP 1705 (¶ 9)] The district court further ordered that Appellee provide Appellant with specified ledgers, statements, and other papers regarding six business entities and that the special master provide the information and documentation underlying his conclusions. [Supp. RP 1706 (¶¶ 16-18)] The district court also ordered an accounting, but did not order an additional accounting requested by Appellant in a document admitted into evidence at the hearing on Appellant's motion. [Supp. RP 1706-07 (¶¶ 15, 19-21)] We conclude that the district court followed our mandate with respect to whether Appellee had provided adequate accounting and documentation.

On the question of whether Appellant was "entitled" to the accounting and documentation, the district court was somewhat less explicit, but we conclude that its rationale and ultimate action was sufficiently clear and within the authority specified by our mandate. The district court first noted the practical issue of how the necessary costs and fees associated with the accounting and provision of documents would be

paid, given the fact that such expenses had previously been paid from proceeds of liquidation of the marital estate, but there were no further proceeds to be obtained. [Supp. RP 1707 (¶¶ 22-27)] The court then noted that in March 2004, it had ordered Appellant to pay Appellee $3,000 per month for the next four years, and $45,000 in attorney fees. [Supp. RP 1706 (¶¶ 12-14)] As of May 2009, Appellant owed a total of $99,000. [Supp. RP 1707 (¶ 25)] Appellant acknowledges that he had made no payments whatsoever after May 2004, but asserts that this was due to inability rather than refusal. [DS 6] The district court gave Appellant thirty days, i.e., until June 22, 2009, to deposit $99,000 into the court registry. [Supp. RP 1709] After we dismissed Appellant's premature appeal for lack of a final order and remanded, the district court set a new deadline for payment of February 12, 2010. [Supp. RP 1722] After Appellant did not meet this deadline, the district court dismissed with prejudice his request for an accounting and information and documents underlying the special master's conclusions. [Supp. RP 1724]

As noted earlier, the May 22, 2009, decision was not as clear as we might have preferred regarding the district court's rationale for its actions. It is clear, however, that part of the motivation was related to the practical question of how the accounting costs and fees would be paid in the absence of any further proceeds from liquidation. [Supp. RP 1688 (¶¶ 22-26)] Without unduly speculating as to the district court's

5

reasoning or how the costs and fees would have ultimately been allocated, we observe that the court found that because Appellee had not provided the accountings and documentation the court had previously ordered, it would have been reasonable for Appellee to bear the costs of providing them in response to Appellant's later request. [Supp. RP 1688 (¶ 25)] The court's approach to the payment issue in effect required Appellant to transfer funds he owed Appellee to the court to be used to pay costs and fees Appellee might have been found to owe to others. Again without undue speculation, we further observe that the district court might have concluded that Appellant, having made no payments on the $99,000 accrued debt for over five years, was in no position to complain that Appellee had not followed court orders to his satisfaction.

We briefly address Appellant's ten sub-issues, most of which are touched upon in our earlier discussion. Sub-issues 1A and 1B concern whether Appellant has failed and refused to pay the $99,000 of spousal support and attorney fees. [DS 11] Appellant acknowledges that he has not paid anything since May 2004, and he does not assert that these debts have otherwise been satisfied. [DS 6] We conclude that Appellant's assertion that the district court's finding that he owes these amounts is premature because proof of payment is controlled by Appellee is without merit.

6

Sub-issues 1C through 1E are addressed in our discussion earlier. [DS 11-12] Sub-issue 1F is without merit because the district court's May 22, 2009, decision explains that Appellant owes Appellee $99,000, and that whatever the expenses of the accounting and other disclosures turn out to be, these expenses would be taken out of the $99,000 and the balance transferred to Appellee. [DS 12; Supp. RP 1706-07 (¶¶ 13-14, 24-26)] Thus, there was no need for more specific correlation of the likely expenses to the $99,000 ordered to be deposited in the court registry.

Sub-issues 1G and 1H are moot because Appellant did not deposit $99,000 as ordered, and thus it is unknown whether specific documents were readily available at little or no additional expense. [DS 12] With respect to Sub-issue 1I, we conclude that the district court's delineation of the documents and other information that were to be provided to Appellant was adequate and within this Court's mandate in *Muse I*. Finally, as to Sub-issue 1J, we conclude that the district court did not abuse its discretion by failing to address amounts paid to each party, as these amounts were addressed in the court's decision of March 18, 2004, concerning distribution of the marital estate [RP 549-58], and any necessary adjustments could have been made in connection with the accounting, had Appellant deposited the requisite $99,000 into the court registry.

Appellant's memorandum in opposition continues to assert that he did not have the $99,000 that the district court ordered him to deposit. [MIO 4] He also discusses his filing captioned "Response to Directive of Honorable Ralph Shamas on March 6, 2009," a copy of which is attached to the memorandum. [RP 1632-36] This attachment and its own attached Exhibit A are said to demonstrate that Appellee received far more than the $338,000 that the district court had determined was her share of the community estate. [See RP 1011 (¶ 3)] The "running total" shown on Exhibit A differs significantly from the amounts indicated by the original, supplemental, and final special master's reports, which suggest that most of the estate's value went toward paying various debts, costs, and fees. [RP 826-32, 977-80, 1463-65] We decline to revisit the district court's conclusions regarding any conflicts in the evidence. "It is for the fact-finder, not the appellate court, to weigh the evidence." *Kaveny v. MDA Enters., Inc.*, 2005-NMCA-118, ¶ 6, 138 N.M. 432, 120 P.3d 854.

For the reasons set forth in this opinion, we affirm the district court.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**ROBERT E. ROBLES, Judge**